UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEFFERSON DANIEL CARDONA AVALOS,

Petitioner,

v.

WARDEN OF THE CALIFIORNIA CITY DETENTION CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-08623-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF Nos. 1, 3

Petitioner Jefferson Daniel Cardona Avalos is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for a temporary restraining order. *See* ECF Nos. 1, 3. He alleges that his detention by ICE violates his due process rights under the Fifth Amendment. *See* ECF No. 1 at 6. For the reasons that follow, the petition is GRANTED, and Respondents are ordered to release Petitioner from custody. The motion is resolved as moot.

## I. BACKGROUND

Petitioner is a citizen of El Salvador who first entered the United States as a minor in April 2021. *See id.* at 7; ECF No. 9 at 20. He was arrested by immigration authorities after entering, who then designated Petitioner as an unaccompanied minor and transferred him to U.S. Department of Health and Human Services, Office of Refugee Resettlement ("ORR") custody. ECF No. 9 at 15, 20. In May 2021, ORR released Petitioner to the custody of his mother pursuant to the Temporary Victims Protection Reauthorization Act ("TVPRA"). *Id.* at 20. Following his release, Petitioner filed an I-360, Petition for Amerasian, Widow(er), or Special Immigration Status, as well as an application for work authorization with USCIS. *Id.* at 15. DHS records indicate that both petitions were approved. *Id.*

United States District Court
Eastern District of California

Petitioner was detained by ICE following a conviction for driving under the influence. *Id.* at 32. He was not given notice of the reason for the revocation of his release, or an opportunity to challenge it at a hearing, prior to his arrest.

## II. DISCUSSION

Petitioner contends that his detention is discretionary under 8 U.S.C. § 1226(a), and that due process requires he be released from custody. *See* ECF No. 1 at 7. Respondents agree that Petitioner's detention is controlled by § 1226(a), and "do not dispute that Petitioner is entitled to receive a custody re-determination hearing" pursuant to that statute. ECF No. 9 at 3. However, they argue that Petitioner was not entitled to any pre-deprivation process under § 1226(a) before he was arrested, and that he should be required to exhaust his administrative remedies by requesting a bond hearing before the immigration court before seeking habeas relief. *Id.* at 3–6. The Court first addresses exhaustion before turning to Petitioner's due process claim.

### A. Exhaustion

"Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). However, even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Waiver is appropriate here. Petitioner has brought a constitutional challenge to his detention based on revocation of his prior release. "[A]n exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures because the BIA does not have jurisdiction to determine the constitutionality of the statutes it administers." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (cleaned up).

United States District Court
Eastern District of California

Therefore, the Court may consider Petitioner's constitutional challenge to his re-detention.

**B. Due Process**

Numerous courts have found that where an unaccompanied minor is released by the ORR to a sponsor, he obtains a liberty interest in his continued freedom, even after reaching adulthood. *See, e.g.*, *Sergio S.M. v. Noem*, No. 1:25-CV-01973-KES-HBK (HC), 2025 WL 3768206, at *3 (E.D. Cal. Dec. 31, 2025); *R.D.T.M.*, 2025 WL 2686866, *4–5; *F.S.S.M. v. Wofford*, No. 1:25-CV-01518-TLN-AC, 2025 WL 3526671, at *3 (E.D. Cal. Dec. 9, 2025); *P.A.H.E. v. Noem*, No. 1:26-CV-01164-DJC-JDP, 2026 WL 451662, at *2 (E.D. Cal. Feb. 17, 2026). That is because the Trafficking Victims Protection and Reauthorization Act that governs the detention of unaccompanied minors encountered at the border, like Petitioner, provides that in making custody determinations the ORR should consider "danger to self, danger to the community, and risk of flight." 8 U.S.C. § 1232(c)(2)(A). "DHS may generally not re-arrest a previously released noncitizen absent a change in circumstances." *Singh v. Noem*, No. 26-CV-0932-GPC-MMP, 2026 WL 468159, at *2 (S.D. Cal. Feb. 18, 2026).

Petitioner obtained a protected liberty interest through his prior release from immigration custody. *See Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-CV-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest). The fact that § 1226(a) allows for detention during the pendency of a non-citizens' removal proceedings does not diminish this liberty interest. The question then is whether pre-deprivation process or post-deprivation process may sufficiently protect this liberty interest.

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or

substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for over five years. Since then, he has been able to live freely with his family while he awaits the outcome of his immigration case. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the Petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is only justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified on a substantive finding of flight risk or danger to the community, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5; *F.S.S.M.*, 2025 WL 3526671, at *6 (finding risk of erroneous deprivation considerable where "as here, Petitioner was previously released pursuant to a finding that he was neither dangerous nor a flight risk" under the TVPRA).

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, the Government's interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d1094. And Respondents have not argued that provision of notice and a pre-deprivation hearing here would have been resource prohibitive.

However, courts have found that "there may be situations that urgently require arrest, in which a prompt post-deprivation hearing[,]" rather than pre-deprivation process "is appropriate."

United States District Court
Eastern District of California

*Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767, at *11 (E.D. Cal. Aug. 28, 2025). One such situation is where "providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated his flight." *Id.* at *12. For example, where a non-citizen was arrested on criminal charges, and taken into ICE custody shortly thereafter. Though Petitioner was taken into ICE custody following a DUI conviction, pre-deprivation process was required. First, Respondents have not argued that pre-deprivation process would have been impractical or motivated flight. Second, Petitioner has now been detained for several months without being provided a hearing. Indeed, there is no evidence in the record suggesting that any individualized custody determination was made. Under these circumstances, release rather than a post-deprivation hearing is proper.

## III. CONCLUSION AND ORDER

Accordingly, the Petition is GRANTED. IT IS HEREBY ORDERED that Respondents immediately release Petitioner from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation and/or custody hearing. If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which the government must show by clear and convincing evidence that he is a flight risk or danger to the community. This Order does not address the circumstances in which the Government may detain Petitioner in the event he becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 16, 2026

Noël Wise
United States District Judge